```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Douglas G. Havens,            :

      Plaintiff,         :

   v.                         :         Case No. 2:12-cv-0637

Commissioner of Social        :         JUDGE GEORGE C. SMITH
   Security,                            Magistrate Judge Kemp
                                :
      Defendant.

### REPORT AND RECOMMENDATION

    This Social Security case was remanded to the Commissioner on June 12, 2013, pursuant to 42 U.S.C. §405(g), sentence four. Plaintiff subsequently received, by stipulation and order, attorneys' fees in the amount of $4,100.00 under the Equal Access to Justice Act, 28 U.S.C. §2412. Plaintiff's counsel has now moved for an award of fees under 42 U.S.C. §406(b), asking for $20,422.00 (of which $4,100 would be returned to Plaintiff to offset the earlier EAJA award). The Commissioner opposes an award in that amount. For the following reasons, the Court recommends granting the motion in substantial part.

### I.

    The pertinent information concerning the motion for fees can be stated as follows. Plaintiff signed a fee agreement with counsel in which he agreed to a 25% contingent fee. After this Court remanded the case, Plaintiff was awarded benefits in the total amount of $85,774.00. Of that total, $81,688.00 had accrued at the time of the Administrative Law Judge's decision. Counsel is seeking an award of 25% of that amount, or $20,422.00. Counsel spent a total of 24.75 hours litigating the case in this Court. Should the Court grant the fees requested, counsel would be compensated at the rate of $825.13 per hour. The Commissioner argues that this hourly rate is excessive, and urges the Court to

reduce the hourly rate to no more than $360.00.

## II.

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991). Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court. Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997). Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review

each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." <u>Lanham v. Secretary of HHS</u>, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, in a case where the District Court awards benefits, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision. <u>Dearing v. Secretary of HHS</u>, 815 F.2d 1082 (6th Cir. 1987).

### III.

The Commissioner has cited to a number of decisions which have awarded amounts not exceeding $360.00 per hour in the context of a §406(b) application. On the other hand, there are numerous decisions from this Court which have awarded substantially more. <u>See, e.g., Willis v. Commissioner of Social Sec.</u>, 2014 WL 2589259 (S.D. Ohio June 10, 2014)(describing cases in which the awards ranged from $360.00 per hour to $1,276.60). This Magistrate Judge has recommended approval of an hourly rate of $750.00 in a §406(b) case, which was basically the "floor" described in <u>Hayes</u> since the record supported a usual hourly billing rate of $350.00, to which the Court added $25.00 per hour to compensate counsel for administrative delays. <u>See Smith v. Commissioner of Social Sec.</u>, 2014 WL 618996 (S.D. Ohio Feb. 18, 2014), <u>adopted and affirmed</u> 2014 WL 1046025 (S.D. Ohio March 17, 2014). The lesson that all these cases teach is that the Court is to make an individualized determination in each case based on an evaluation of the various relevant factors.

One key factor, of course, is what the "floor" for the analysis is under <u>Hayes</u>, which, in turn, requires the Court to determine the "usual hourly rate" for the services rendered. The Commissioner appears to accept counsel's representation that his normal hourly rate for non-contingent fee work is $250.00. Under <u>Hayes</u>, using that rate, the floor for an award would be twice that rate ($500.00 per hour) multiplied by 24.75 hours, or

-3-

$12,375.00. The Commissioner does not really explain why the Court should make a lesser award, or how that would comport with Hayes. The Court therefore begins its analysis with the $12,375.00 figure.

Plaintiff's counsel argues for a larger award based on these factors. First, counsel achieved an excellent result for the Plaintiff, obtaining not just a sentence four remand from this Court but, upon remand, a favorable award, resulting in a financial benefit to the Plaintiff measured in hundreds of thousands of dollars. Second, counsel handled the matter efficiently. Third, Plaintiff agreed to the contingent fee. Fourth, the hourly rate which counsel charges in other matters is not really representative of the rate to be used in a contingent fee case, especially a social security case. Additionally, other Columbus attorneys with similar years of experience typically bill between $450 and $510 per hour.

This last argument does not carry significant weight where, as here, the rate which is presumptively reasonable under Hayes is in that exact range. The question is whether a higher rate is also reasonable. There is some merit in the argument that counsel should be rewarded for handling the matter with both expertise and efficiency, and those factors persuade the Court that using an hourly rate three times what counsel ordinarily charges in non-contingent fee work is reasonable. The amount of administrative delay is not a factor since counsel continued to perform services at the administrative level in order to obtain a favorable decision, and because counsel has voluntarily limited his request to 25% of the amount of back benefits at the time of the ALJ's decision. All of this convinces the Court that an award of fees using a hypothetical rate of $750.00 per hour is reasonable. Consequently, the Court will recommend an award of $18,562.50, with a refund to be made to Plaintiff of the

$4,100.00 previously awarded under the EAJA.

IV.

For these reasons, it is recommended that the motion for attorneys' fees (Doc. 21) be granted and that counsel be awarded fees of $18,562.50 under 42 U.S.C. §406(b), with a refund to be made to Plaintiff of the $4,100.00 previously awarded under the EAJA.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge